Please rise, this is for the town session. Please be seated. And will you call the next case please? Case number 314-0459, People of the State of Illinois, Appellate Defendant, v. Michael Baker, appellant by Sean Connolly. Mr. Connolly. May it please the Court, Counsel, my name is Sean Connolly, I'm with the Office of the State Appellate Defender, and I represent Michael Baker in this appeal from the state of Illinois. Mr. Baker was charged with possession of cannabis with intent to deliver after being stopped by the LaSalle County Safe Unit. He eventually pleaded guilty in exchange for five and a half years and a large fine. There are two issues on appeal, I plan on taking them in order and focusing on issue one. That issue alleges that Baker made a substantial showing of ineffective assistance of plea counsel when the well-pleaded facts in his petition established that counsel advised Baker to accept a plea deal without first advising him on the contents and merits of a pending motion to suppress, without discussing the infirmities of the deal that had been offered, and while impressing upon him that he could not get a fair trial in LaSalle County. I want to make something clear that I think might have gotten a little bit muddled in the briefing. The parties here talk a lot about this Court's decision and people be wrangling, and one of the state's major positions here is that this is a matter of buyer's remorse after Ringland proved that this stop was illegal. Our position is that Baker had a strong defense to these charges even before this Court's decision in Ringland, and it's both the failure to consult with Baker about that defense and the nature of the consultation that did occur that establishes the substantial showing of deficient performance, and it's the defense itself that establishes the substantial showing of prejudice. That is, this is not a case about trying to judge counsel's conduct by a subsequent case, and it's not about trying to apply a subsequent case to establish prejudice. Instead, this is about a communication failure and a series of communication failures that led Baker to take a plea despite having a strong defense to the charges. Now, the state argues that counsel's professional duty on this matter is limited to telling Baker that a motion to suppress existed. That is not the law. The Illinois Rules of Professional Conduct and the ABA Standards for Criminal Justice require a defense attorney to provide consultation about potential options and outcomes sufficient for the client to make informed decisions about the representation and particularly about pleading guilty. Now, this Court has held that those duties include the duty to explain available defenses. In a guilty plea, when those defenses are present, but the consultation on those defenses is not present, that's a violation of the right to effective counsel. Furthermore, an attorney is simply not allowed to invoke the specter of injustice as part of that consultation, and we believe that both of those things happened in this case. In terms of the defense that counsel did not consult on, I think it's critical to understand that this Court did not break new ground with Ringland. That decision was predicated on well-established and longstanding precedent. It was LaSalle County that broke new ground by enacting a program that was always already illegal, and that's not just because the state's attorney is not allowed to engage in drug interdiction in the first place, though that is also true, but it's also because some of the specific details of that program are potentially illegal themselves. So, for example, a program that relies on pretextual stops in order to pull over out-of-state cars, while absolutely legal under the Fourth Amendment, is not necessarily legal under the Equal Protection Clause, where that program will be subjected to strict scrutiny review. The bottom line is that although the state urges in this case that the Supreme Court's upcoming decision in Ringland will be dispositive of the prejudice prong, we don't believe that Ringland necessarily controls. We believe that the precedent and the reasoning cited in Ringland is what would control that issue in this case, and that even without those citations, if the remaining issues surrounding the safe unit were to be fully litigated, that Baker would still have succeeded below. Now, in addition to the failures concerning the defense, there were problems with the plea deal that Baker was offered, and again, this is something that might have gotten a little muddled in the briefs. This, too, was a matter that counsel had a duty to consult on more thoroughly than he did. The state says that we're complaining about a deal that Baker didn't take, and that's not the point. Baker was given a false choice, one that had at least two tangible consequences. The first is that we believe that merely offering to sell a better sentence to those who can afford it is a potential constitutional violation. The second is that Baker tied up a substantial amount of money in his attorney's retainer, much of which was unearned at the moment of the plea, and it's entirely possible that Baker chose the longer sentence that has lost the benefit of the better version of the plea, not because he couldn't afford to pay the fine up front, but because he believed that he couldn't put the money together fast enough. But if that's the case, if blowing the deadline on the fine was not willful, then blowing that deadline is not a basis for vacating the plea. He couldn't get more time for that, and that's something that Baker needed to know in order to evaluate his options. I should also point out that at the second stage, the state doesn't have the right at this point to deny that this option was given to Mr. Baker. If the state wants to argue that there are serious doubts, as it says in this brief, as to the terms of the deal, it was required to consent to a third-stage hearing. So we are essentially stuck with what Mr. Baker says the deal was. To sort of sum up the issue, this case is unusual in a number of respects. Mr. Baker was not arrested by a police officer, a sheriff's deputy, or a state trooper, but rather by an employee of the LaSalle County State's Attorney, acting as an agent of Bureau County, incidentally, and engaged in an illegal interdiction program. He was never told that the program was illegal. Then he was offered the chance to buy a better sentence and was never told that such an offer is improper. He opted for the less favorable deal when his attorney told him he couldn't get a fair trial. He would not have pleaded guilty if he had been informed of the nature and merits of the motion, and he very likely could not have been convicted if he had not pled guilty. And what I have described there, that is a substantial showing of a constitutional violation, and that's why the case needs to go back. Now, if you don't have any questions, I could briefly talk about the second issue. That issue involves Baker's waiver of counsel at the second stage. It's fairly straightforward. I just want to reiterate that the state of the law is that in order to waive the right to counsel, one has to understand the right and express an unequivocal desire to waive it. So if the record establishes a lack of understanding, or if the record establishes that you're waiving out of sort of practical pressures as opposed to actually wanting to represent yourself, that's not a valid waiver of counsel. And also I think it's worth saying, because this is obviously a post-conviction petition, that Mr. Baker did indeed request counsel, and obviously that request was somewhat messy compared to what we usually see in these cases. But I think it's pretty clear that he didn't understand the contours of the right here. That is correct. But it's pretty clear, my reading of the record at any rate, it's clear that he did not understand even the contours of even that statutory right. He did not understand that private counsel outside of the PD's office was necessarily an option. He made it clear he wanted counsel, though, and the fact that he had originally asked for private counsel, I don't think completely invalidates the notion that he wanted counsel for the petition. When you look at the record as a whole, the situation is pretty clear, I think. If there are any more questions, we respectfully request that this honorable court reverse the dismissal of Baker's second stage post-conviction petition and remand for further proceedings. Thank you. Mr. Gnidovic. In this case, the defendant was charged with the class one felony. He faced four to 15 years. Motion to suppress was filed, of which the defendant knew that the motion to suppress had been filed. He was offered a five and a half year sentence when he was facing 15. Substantial mandatory street value fine, which he accepted prior to the litigation of the motion to suppress. Now, in his post-conviction petition, the petitioner has alleged basically an appeal, not just a petition, but an appeal. The defendant has made three statements, three arguments. One, that there was some sort of an offer that was illegal that couldn't have been offered, would not have been an effective guilty plea, number one. Number two, he argues the fact that about the motion to suppress and not litigating it. And then he argues number three about the fact that counsel implied the defendant could not obtain a fair trial. Points one and three, the so-called illegal plea and the aspect about the not being able to get a fair trial, that's not in the PC. That's in his affidavit. I don't think that simply saying something in an affidavit raises a specific issue in a post-conviction petition. So as far as one and three are concerned, they are really not before this court and shouldn't really be considered by this court as being allegations that have been presented properly in a post-conviction petition. If anything, they've been forfeited. The fact they're in the affidavit, they're just basically offered in support of the main allegation which talks about the fact of the safe unit and the motion to suppress. With respect to that, I don't think anything really has been muddled by the briefs in this case. In listening to counsel argue this afternoon, he basically used a couple different ways of phrasing it. He said the defendant had a good defense. The defendant had a strong defense. Based on what? In reality, when you look at the defendant's argument, the defendant basically, his argument, he basically says in his brief citing to People v. Ringgold, the defendant argued, and I am quoting now from page 12 of his brief, we now know that the seizure in this case was unlawful. We now know. Basically, what the defendant... We don't even know it yet. At least as far as what this court has spoken on, we now know. And that's the whole point. And that was the whole reason why I suggested in my brief holding the case in advance pending Ringgold because in an ineffective assistance of counsel, what do we have? We have two things that have to be established. One is counsel did something that he shouldn't have done. And number two is prejudice. Well, with respect to what counsel did, in this case we have to look at what counsel did at that time. Not how we look at it today now knowing based on this court's decision in Ringgold that defendant had a good defense. That defendant more than likely would have won this motion to suppress. The problem is he pleaded guilty six days prior to another attorney in another case, i.e. the Ringgold case, going to the hearing, presenting his motion in the trial judge grand jury, coming up on appeal, having that decision affirmed. The fact is that the defendant was told it was a motion to suppress. The fact is the defendant knew. The fact is the defendant realized he was facing 15 years in prison. The fact is the defendant realized he got a five and a half year deal. The fact is the defendant says, do I take a bird in the hand or two in the bush? The defendant accepted two in the hand. Subsequently he found out I should have taken what was behind the curtain because that there was a sure win. I wouldn't even be in prison. I don't think that when you look at what counsel's conduct was at the time, that what he did was ineffective. And that's what we have to look at. And I know what the defense has been saying, but if you listen to counsel's argument closely, clearly he's referring to what we now know, not what we knew. He doesn't analyze counsel's conduct at the time. Let me switch gears a little bit. What do you have to say about the waiver of counsel at the second stage? This case was the second, you know, no accident however many days, and so it goes to the second stage and the waiver of counsel at that point. In this particular case, the people believe that there was a valid waiver. In that, to take and say as pointed out, the right to counsel in the PC is statutory. It's not Sixth Amendment based. But he has the right to counsel. Now in this case, the defendant had private counsel to begin with. He had the right to counsel when he was charged. He knew he had the right to counsel then. He comes in and I believe not once, not twice, I'm thinking at least three times, he got a continuance for the purpose of trying to hire private counsel. He knew he had the right to have an attorney at the PC. The trial judge on at least two occasions, the second one for sure being the day that they actually had the hearing on the state's motion to dismiss, said look, I'm not going to point to the PD. Excuse me. I'm not going to point to private counsel because you're not entitled to private counsel. I will point to PD. Do you want the PD? But I want private counsel. But you can't have it. I'm not giving it to you. You have to have the PD. At that point, the defendant says, what are we up here for today? I want to take a motion to dismiss. The defendant says, let's do it. Let's go ahead. And they have the hearing. I think that in this case, did the defendant know he had a right to counsel? He sure did because he kept trying to hire private counsel but couldn't. When he couldn't hire private counsel, he kept trying to take and get the trial judge to appoint private counsel for him, which the trial judge correctly denied him that opportunity. Why? Because the only time that the defendant in the PC would be entitled to private counsel is if there was a conflict with the public defender. In other words, the public defender would have had to be the one to have handled the case at the plea. Then there would have been a conflict. Then he would have been at least entitled to have the appointment of private counsel. That's not the facts in this case. So when you look at what actually happened, as opposed to any kind of rote kind of ringing on the room 412 or anything like that, the point is what you have here is you have the defendant knowing, the defendant refusing, and the defendant proceeding to go to the hearing on his own accord. In this case, he waived his right to counsel, post-conviction counsel in this situation. So for those reasons, unless there are any questions, people would respectfully request that this court affirm the second stage dismissal of the defendant's PC. Thank you, Your Honor. First off, Your Honor, respectfully, I think that phrase from my brief, now we know that this was illegal. I believe that's been taken out of context in this situation. The bottom line is, in terms of performance, at the time that the plea was taken, counsel's professional duty included the duty to explain the contents and the merits of that motion to suppress, and the petition alleges that that did not happen. That's a substantial showing of that fraud. At this stage, it absolutely does. And we can't conflate that with the other question of the substantial showing of prejudice, which I think is where counsel and I actually disagree here. And again, our position is that, is appeal now in the Supreme Court. It was not at the time that the briefs were written. So again, that particular phrase, I think I can safely now regret that phrase, but the point still stands, that Ringling was not a good case for LaSalle County. And we don't believe that it was a close case, and we believe, I mean, I can predict what the Supreme Court is going to do, but even aside from what the Supreme Court might do, the fact remains there are other claims as well in that motion. How long has that safe unit been in operation? I'm not entirely certain. A couple of years. But it seems to me like there were unchallenged convictions resulting out of that thing. I agree with that. And that is the source of much of Mr. Baker's distrust of the PD's office in this case. And a big reason why he wanted someone outside of the PD's office. Well, why is that a distrust of the PD's office? I mean, maybe it's a distrust of the legal community. So he had private counsel. Well, this goes back to the claim about claiming that he can't get a fair trial in LaSalle County. Right. This phrase, I can't win this, not in this county at least. Well, because saying I can't win this case in this county, is that the same as saying you can't get a fair trial? I believe it is. I believe that's an idiom. That when we use that structure, what we mean is there is something different and wrong about the entity that we're referring to. Maybe it could mean the police got you red handed with evidence of a crime and I can't win this case in this county or any other county. Unfortunately, he did not add in any other county. And the fact remains that the damage is done. Regardless of how counsel, as a matter of actual fact, meant this phrase. But the opposite of what you're saying is the defense lawyer ought to say to a client when the evidence is really overwhelming that, yeah, let's go to trial. Turn that plea offer down. And then the trial judge, because he went to trial in 15 years, and then he comes back and says, well, that bonehead told me I could win this case when there was really no defense. And I got 15 instead of the five the state offered me. You can turn that around any way you want. And it seems to me if you've got a case you can't win, what is ineffective about a lawyer telling his client, I can't win this case? Our position is that that's not what happened here. There is a difference between saying, this case has no merit. These are professionals. We have to approach these things as professionals. And if you want to give a professional opinion about the merits of the case, give a professional opinion. Don't add a pithy, well, not in this county anyway. Again, when we use that phrase in common English, when we use that construction, we're not saying that the evidence is strong. You're not commenting on the merit of the defense. That means, that structure, that linguistic structure means that the entity that you're talking about is somehow in the wrong. And that's what your client understood. That's how he understood it. Okay. Well, then let's shift gears a second. When the judge said, I'll offer to appoint the public defender for you, what about that did he understand? Well, first off, because it's a lengthy discussion, I would point to the briefs in terms of the evidence on the record that he didn't understand the overall right here. In terms of the PD, I'm not saying that he didn't understand that he could get the PD. I'm saying that he didn't fully understand what exactly the attorney does in this context, what the boundaries of his rights were in that context. Well, it says he's got to understand everything you guys are going to do. The fact is, the law is, he's got to understand everything. The quote is, I will appoint the public defender's office for you. Answer. Well, what are we doing today? Is that what we're talking about? But what happened before that? Well, he denied the motion for a private attorney. And the judge said, I'll give you a public defender. And he said, I don't want the public defender. He didn't say, I didn't want the public defender. He asked, what are we doing? No, no, no. The hearing before that. I mean, yes, he's offered the PD, but he didn't waive counsel. There's a difference between what you're suggesting and him actually waiving counsel, particularly where he didn't understand it. Is the record correct that he got continuances because he represented he was attempting to get back at counsel? That is correct. But another point is the case law supports the notion that if you're trying to get it, if the only reason that you're waiving is to avoid getting the PD, that's not a waiver. That's the law. And the reason is because he doesn't have the right to someone else. What should have happened here is the judge should have said, too bad, you're getting the PD. And that would have been fine. Or go through a more thorough waiver. I'm going to say, what exactly does a judge have to do in a PC situation beyond what this judge did to convey to the defendant that if you want a public defender, I'll appoint him. I'm not sure that there is more that he could have done to express that. I will grant you that. However, it is not a valid waiver of counsel to waive just because you don't want the PD. The judge is the captain of the ship here. And if the judge is not going to give him to someone outside of the PD's office. Do you agree with me that this gentleman had no right to somebody outside the PD? I would agree with that. Go back to what you were trying to say. Having been told that I can't win this case in this county anyway, I mean, the impression that he's been given is that we're all in this against him. The PD's office, which acquiesced to these stops, never changed. I thought you were going to talk about what, to Justice Schmidt's question, what could the trial court have done? I apologize for that misunderstanding. There is a record that there is a waiver. He needed to understand that he had the right to counsel. The record in this case, I think, demonstrates that while he understood that someone might be appointed, he didn't understand what counsel was supposed to do in the case. He didn't understand what his role vis-a-vis counsel and his relationship with counsel was supposed to be. I'm not sure that I can give you a proposed script for this. All I can say is on this record, this record supports the notion that even though the judge said, I'll give you the PD, that he wasn't waiving because he didn't want counsel. He wasn't waiving because he understood exactly what counsel is supposed to be doing here. That would be our position on that. And then he said, let's do it. Again, I read this as confusion. Well, I wanted to do the motion to dismiss. Are you ready to do the motion? Let's do it. That's not, are you waiving the PD? Not, do you understand that you have the right to have the PD represent you? They just moved on. They essentially didn't take a waiver in this case. They just moved on. And it's not clear to me, reading this, that he was fully cognizant of the nature of that exchange. All right. Thank you, Mr. Connelly. Thank you. And that will be taken under advisement. Written disposition will be issued. We'll be on brief recess.